UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LATOYA EVON WILLIAMS,

        Plaintiff,

  -against-

FIRST CARE OF NEW YORK, INC.

        Defendant.

18-CV-4616 (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge**.

    The Court has received and reviewed the parties' joint letter dated February 15, 2019 (Dkt. No. 28), seeking approval of their proposed Settlement and Release Agreement (Agreement) (Dkt. No. 28-1) pursuant to *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015).[1] The Agreement requires defendant First Care of New York, Inc. to pay $5,000 to plaintiff Latoya Evon Williams in full settlement of plaintiff's claims, including wage claims brought pursuant to the Fair Labor Standards Act. Ag. ¶ 1.

    The Agreement includes a mutual release limited to claims concerning wage and hour matters. Ag. ¶ 2. The Agreement also contains a mutual non-disparagement provision, in which the parties agree to refrain "from defaming or disparaging" or "acting in a manner that reasonably may be viewed as detrimental to" each other. *Id.* ¶ 3. It also contains a severability clause, providing that if any provision of the Agreement is deemed "invalid or unenforceable, the affected provision shall be modified to the extent necessary to make it legal, valid and enforceable." *Id.* ¶ 10.

    The Court concludes that the terms of the Agreement are fair and reasonable as required by *Cheeks*, 796 F.3d at 206, except for the non-disparagement clause, which must be modified. Non-disparagement clauses in FLSA cases may not bar plaintiffs from making truthful statements about their experiences in litigating their cases or prohibit them from making truthful statements about the facts underlying their claims. *Weng v. T&W Rest., Inc.*, 2016 WL 3566849, at *4 (S.D.N.Y. June 22, 2016) (Moses, M.J.) (collecting cases). Rather than withhold approval of the parties' settlement on the ground that the non-disparagement clause is "invalid or unenforceable," the Court hereby modifies paragraph 3 by adding the following language at the conclusion of the paragraph:

        Nothing in this paragraph shall prohibit Plaintiff from making truthful statements about the facts underlying the Action, or Plaintiff's experience litigating the Action.

---

[1] The parties reached agreement on the material terms of the Agreement at a settlement conference supervised by the undersigned Magistrate Judge on January 15, 2019. (*See* Dkt. Nos. 24, 27.)

The Court finds that the Agreement, as modified, is fair and reasonable as required by *Cheeks*, 796 F.3d 199, and **APPROVES** the Agreement **AS MODIFIED** in the manner set forth above. It is hereby **ORDERED** that this action is **DISMISSED** with prejudice and without costs.

The Court will retain jurisdiction over this action for one year for purposes of enforcing and interpreting the Agreement, if necessary.

The Clerk of the Court is directed to close the case.

Dated: New York, New York
February 20, 2019

**SO ORDERED.**

_____
**BARBARA MOSES**
**United States Magistrate Judge**